UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>CHRISTOPHER C. DONIGIAN d/b/a<br>Emcon Builders and<br>SANDRA C. DONIGIAN<br>　　Debtor. | Chapter 13<br>Case No. 08-12455-MWV |
| LAWRENCE P. SUMSKI,<br><br>　　Chapter 13 Trustee,<br><br>v.<br><br>CHRISTOPHER DONIGIAN d/b/a<br>Emcon Builders,<br>JACOB DONIGIAN, and<br>DONIGIAN PROPERTIES, LLC a/k/a<br>Donigian Properties<br><br>　　Defendants | Adv. Proc. No. |

## **COMPLAINT**

### INTRODUCTION

Lawrence P. Sumski, as Chapter 13 Trustee, by and through his attorneys, Sheehan Phinney Bass + Green, P.A., brings the instant adversary proceeding pursuant to 11 U.S.C. §§105, 502, 542, 544, 547, 548 and 550 and Bankruptcy Rule 7001 et. seq., to avoid certain transfers made by the Debtor to his father, Jacob A. Donigian and his father's company, Donigian Properties, LLC a/k/a Donigian Properties.

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 1334 and 1471.

2. The United States District Court for the District of New Hampshire has referred all cases under Title 11 to the Bankruptcy Judges for this district.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H) and (O).

## PARTIES

5. Plaintiff, Lawrence P. Sumski, is the duly appointed Chapter 13 Trustee in the Chapter 13 Bankruptcy Case of Christopher Donigian and Sandra Donigian (the "Trustee").

6. Christopher Donigian is, upon information and belief, an individual with an address of 200 Chester Road, Fremont, New Hampshire (the "Debtor").

7. Jacob Donigian is, upon information and belief, the father of the Debtor and has an address of 134 Chester Road, Fremont, New Hampshire ("Donigian").

8. Donigian Properties, LLC a/k/a Donigian Properties is a limited liability company formed under the laws of the state of New Hampshire and has a principal office at 134 Chester Road, Fremont, New Hampshire (the "LLC"). Donigian is the sole member of the LLC.

## FACTS

9. The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et. seq. (the "Code"), on August 28, 2008 (the "Petition Date").

10. On September 22, 2009, the Debtor converted his case from Chapter 7 to one under Chapter 13 of the Code.

**The Money Transfer**

11. Donigian, individually or through his LLC, loaned the Debtor, among other loans and money, approximately $260,000.00 (the "Loan") in order to build and otherwise develop a piece of real property located in Allenstown, New Hampshire (the "Allenstown Property").

12. Within one (1) year of the Petition Date, the Debtor made the following transfer(s) to the LLC totaling $140,000.00 (collectively, the "Money Transfer"):

| Check Number | Check Date | Amount of Check |
|---|---|---|
| 3439 | September 16, 2007 | $100,000.00 |
| 3474 | November 2, 2007 | $40,000.00 |

13. The Money Transfer was made after the closing on the sale of the Allenstown Property and was made for and as repayment on the Loan.

14. On September 17, 2007, Donigian deposited the $100,000.00 check, check 3439, into his personal bank account.

15. On November 2, 2007, Donigian deposited the $40,000.00 check, check 3474, into his personal bank account.

16. The LLC, which is solely operated by its only member, Donigian (the Debtor's father), is an "insider" pursuant to section 101 of the Code.

17. Donigian, as Debtor's father, is an insider of the Debtor pursuant to section 101 of the Code.

18. Donigian testified[1] that he was not paid in full at the closing on the sale of the Allenstown Property because the Debtor owed other contractors who had performed work on the Allenstown Property but had not yet been paid and that there was not enough money for everyone to be paid in full.

---

[1] Donigian was deposed on May 28, 2009 by Geraldine Karonis, Esq. on behalf of the US Trustee's Office in connection with the Debtor's bankruptcy case.

3

**The Real Estate Transfer**

19. On May 15th, 2006, the Debtor gave Donigian a warranty deed purporting to transfer, to Donigian, real property located and known as Lot 16, Wes Lock Road, Barnstead, New Hampshire (the "Barnstead Property").

20. The warranty deed for the Barnstead Property was not recorded until July 30, 2008 (the "Real Estate Transfer").

21. The Real Estate Transfer took place only twenty-nine (29) days prior to the Debtor filing his bankruptcy petition and took place on the same day that the Debtor received his credit counseling, a prerequisite to filing his chapter 7 petition.

22. Based upon the transfer taxes paid ($600.00), the Barnstead Property was transferred for $40,000. However, based upon the Debtor's testimony at his 341 meeting, he never received any consideration from Donigian for the Barnstead Property.

23. Donigian testified that the Barnstead Property was listed for sale in May, 2009 and that the asking price for the Barnstead Property was $259,000.

**Additional Facts**

24. Based upon testimony provided by Donigian and Debtor's wife, Sandra Donigian (also a co-debtor)[2], the Debtors (Sandra and Christopher Donigian) were experiencing significant financial issues:

    A. The Debtors, as of September, 2009, had not paid their real estate taxes due on their residence for the year 2008;

---

[2] Sandra Donigian was deposed on September 15, 2009 by Geraldine Karonis, Esq. on behalf of the US Trustee's Office in connection with the Debtor's bankruptcy case.

B. Christopher Donigian, in late 2007 and early 2008, sold business equipment, including an excavator and a bulldozer, in order to pay the i) mortgage on the Debtors' residence; and, ii) other creditors who were dunning the Debtors; and,

C. In 2007 and 2008, the Debtors borrowed money from family members to pay bills such as the mortgage and the utilities.

COUNT I
(Avoidance of Preferential Transfer – 11 U.S.C. §§ 547 and 550)

25. The Trustee restates the allegations contained in paragraphs one through and including twenty-four and incorporates them herein.

26. The Money Transfer was made within one (1) year of the Petition Date to an insider.

27. The Money Transfer was made to or for the benefit of a creditor, the LLC and/or Donigian, in that the Money Transfer was made to the LLC, a limited liability company operated, and solely owned by, Debtor's father, Donigian, but the Money Transfer was deposited in Donigian's personal account.

28. The Money Transfer to the LLC and/or Donigian enabled the LLC and/or Dorigian to receive more than he would have received if 1) the case were a case under chapter 7; 2) the Money Transfer had not been made; and 3) the LLC and/or Donigian had been paid as provided in Title 11. Of note, the Debtor's confirmed chapter 13 plan allows for a distribution of only .01% to unsecured creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Money Transfer to the LLC and/or Donigian is preferential pursuant to 11 U.S.C. §547; order that the LLC and Donigian be liable for the return and account of the Money

5

Transfer so transferred by the Debtor pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT II
(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 544 and 548)

29. The Trustee restates the allegations contained in paragraphs one through and including twenty-eight and incorporates them herein.

30. The Debtor, whose property or whose interest in property was transferred in the Money Transfer to the LLC and/or Donigian, received less than reasonably equivalent value in exchange for such Money Transfer.

31. The Transfer was made:

(a) at a time when the Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small capital; or,

(b) at a time when the Debtor intended to incur, or believed, or should have believed that the Debtor would incur, debts beyond Debtor's ability to pay as they became due; or,

(c) at a time when the Debtor was insolvent; or,

(d) with the result that the Debtor became insolvent as a result of such Money Transfer.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Money Transfer to the LLC is a fraudulent transfer pursuant to 11 U.S.C. §548; order that the LLC be liable for the return and account of the Money Transfer pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT III
(Avoidance of Preferential Transfer – 11 U.S.C. §§ 547 and 550)

32. The Trustee restates the allegations contained in paragraphs one through and including thirty-one and incorporates them herein.

33. The Real Estate Transfer was made within ninety (90) days of the Petition Date to Donigian.

34. The Real Estate Transfer was made to or for the benefit of a creditor, the LLC and/or Donigian, in that the Real Estate Transfer was made to Donigian at a time when, according to the Debtor's testimony at his continued 341 meeting, the Debtor owed a great deal of money to Donigian.

35. The Debtor further testified at his continued 341 meeting that the Real Estate Transfer was a partial payment on the debt that he owed to Donigian.

36. The Real Estate Transfer to Donigian enabled the LLC and/or Donigian to receive more than he would have received if 1) the case were a case under chapter 7; 2) the Real Estate Transfer had not been made; and, 3) the LLC and/or Donigian had been paid as provided in Title 11. Of note, the Debtor's confirmed chapter 13 plan allows for a distribution of only .01% to unsecured creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Real Estate Transfer to Donigian is preferential pursuant to 11 U.S.C. §547; order that Donigian be liable for the return and account of the Real Estate Transfer so transferred by the Debtor pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT IV
(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 544 and 548)

37. The Trustee restates the allegations contained in paragraphs one through and including thirty-six and incorporates them herein.

38. The Real Estate Transfer was made:

(a) with actual intent to hinder, delay, or defraud his present and/or his future creditors.

39. Alternatively, the Debtor, whose property or whose interest in property was transferred in the Real Estate Transfer to Donigian, received less than a reasonably equivalent value in exchange for such Real Estate Transfer and was made:

(b) at a time when the Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small capital; or,

(b) at a time when the Debtor intended to incur, or believed, or should have believed that the Debtor would incur, debts beyond Debtor's ability to pay as they became due; or,

(c) at a time when the Debtor was insolvent; or,

(d) with the result that the Debtor became insolvent as a result of such Real Estate Transfer.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Real Estate Transfer to the Donigian is a fraudulent transfer pursuant to 11 U.S.C. §548; order that Donigian be liable for the return and account of the Real Estate Transfer pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT IV
(For Recovery of Transfers – 11 U.S.C. §550)

40. The Trustee restates the allegations contained in paragraphs one through and including thirty-nine and incorporates them herein.

41. The Trustee is entitled to avoid the Money Transfer and the Real Estate Transfer as described above pursuant to 11 U.S.C. §§544, 547, and/or 548.

42. The LLC and/or Donigian was the initial transferee of the Money Transfer and/or the Real Estate Transfer, the intermediate or mediate transferee of the initial transferee of the Money Transfer and/or the Real Estate Transfer, or the person for whose benefit the Money Transfer and/or the Real Estate Transfer was made.

WHEREFORE, pursuant to 11 U.S.C. §550, the Trustee is entitled to recover from the LLC and/or Donigian an amount to be determined at trial but that is not less than the sum of the Money Transfer and/or the value of the Real Estate Transfer, plus interest to the date of payment and costs of this action.

## COUNT IV
(For Disallowance of Claim - 11 U.S.C. §502(d)

43. The Trustee restates the allegations contained in paragraphs one through and including forty-two and incorporates them herein.

44. The LLC and/or Donigian is the transferee of Money Transfer and/or the Real Estate Transfer by the Debtor avoidable under 11 U.S.C. §544, 547, and/or 548, which are recoverable from the LLC and/or Donigian under 11 U.S.C. §550.

45. Pursuant to 11 U.S.C. §502(d), in the event that LLC and/or Donigian is liable for

any avoidable Transfer under 11 U.S.C. §§544, 547, and/or 548, any claim(s) held by the LLC and/or Donigian against the Debtor and/or its estate must be disallowed unless the LLC and/or Donigian pays the amount of the Transfer and recoverable property to the Trustee.

                                                  Respectfully Submitted,

                                                  LAWRENCE P. SUMSKI, CHAPTER 13 TRUSTEE
                                                  By His attorneys,

                                                  SHEEHAN PHINNEY BASS + GREEN

Date: August 27, 2010                  By:/s/  James S. LaMontagne
                                                      James S. LaMontagne, Esq., BNH 05483
                                                      1000 Elm Street, P.O. Box 3701
                                                      Manchester, NH 03105-3701
                                                      (603) 627-8102