**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | Bk. 08-12455-JMD |
| | Chapter 13 |
| Christopher C. Donigian and Sandra C. Donigian, | |
|     Debtors | |
| | |
| Lawrence P. Sumski, | |
| Chapter 13 Trustee, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 10-1098-LHK |
| | |
| Jacob Donigian, et al., | |
|     Defendants | |

## PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), which is made applicable to this case by Rule 7016 of the Federal Rules of Bankruptcy Procedure and Rule 7016-1(a) of the Local Bankruptcy Rules ("LBR"), the above-captioned adversary proceeding came before the Court for a hearing on August 23, 2011. The plaintiff commenced the adversary proceeding pursuant to 11 U.S.C. §§ 542, 547 and 548. All parties present having been heard, the Court hereby orders as follows:

**A. Motions/Amendments to Pleadings/Parties**:

    1. All motions or agreements to amend pleadings or join parties shall be filed and served on or before <u>September 9, 2011</u>.

    2. All motions relating to discovery shall be filed and served on or before <u>September 27, 2011</u>.

    3. Dispositive motions shall be filed and served on or before <u>October 7, 2011</u>.

4. Pursuant to LBR 7102(c), responses to dispositive motions shall be filed and served no later than seven day prior to the date set for hearing. Objections to summary judgment motions shall be filed and served within thirty days from the date the motion is filed. If a reply is deemed essential by a party, then it may file such a reply within seven days of service of the response. The Court shall deem waived any objection not filed in accordance with LBR 7102(c).

5. Dispositive motions shall be decided by the Court on oral argument. Prior to filing a dispositive motion, the party must contact Judge Kornreich's calendar clerk to obtain a hearing date and time. See LBR 7101.

6. Motions in limine or other nondispositive motions shall be filed and served no later than two days before the date of trial in accordance with LBR 7016-2(e).

B. **Discovery Deadlines and Procedures**:

7. To the extent the parties have not yet complied with FRCP 26(a)(1) and LBR 7026-1(a)(1), on or before September 6, 2011, the parties shall make the initial disclosures required by FRCP 26(a)(1) of the names, addresses, and telephone numbers of individuals likely to have discoverable information, copies of documents that the disclosing party may use to support its claims and defenses, a computation of damages, and any insurance agreement that may provide coverage for liability.

8. The disclosure of expert testimony required by FRCP 26(a)(2) and LBR 7026-1(b) shall be made on or before September 9, 2011. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under FRCP 26(a)(2)(B), then disclosure shall be made within thirty days after the disclosure made by the other party.

9. The parties shall complete discovery by no later than September 27, 2011. Written interrogatories, requests for admissions and like discovery requests shall be served at such time that the applicable response date under the Federal Rules of Bankruptcy Procedure will be earlier than the date by which discovery must be completed unless the deadline has been extended in accordance with LBR 7016-4.

10. On or before October 27, 2011, the parties shall disclose their lists of witnesses and exhibits to the Court and each other as required by FRCP 26(a)(3). The lists shall sufficiently describe the exhibits intended to be proffered at trial.

11. The parties shall pre-mark each document or other exhibit in the order of its possible presentation at trial. Each document or other exhibit shall be given a separate exhibit number. Plaintiff shall number exhibits with numbers 1, 2, 3, etc.; defendant shall number exhibits with numbers 101, 102, 103, etc.; and additional parties shall number their exhibits with successive ordinal number series, i.e., 201, 301, 401, etc.

12. On or before October 27, 2011, the parties shall disclose any records of regularly conducted business activity under Federal Rule of Evidence 803(6) that the parties intend to present by certification, as permitted by Federal Rules of Evidence 902(11) and (12), rather than by testimony of a foundation witness.

13. In accordance with LBR 7016-2, the parties shall file with the Court a final pretrial statement on or before December 31, 2011, containing, among other items, a brief statement of the case, a written stipulation of all contested and uncontested facts, a written stipulation of the applicable law and any disputed issues of law, any waiver of claims or defenses, a witness list, an exhibit list, and an estimate of trial length.

14. In accordance with FRCP 26(a)(3) and LBR 7016-2(e), the parties shall no later than two days before the date of trial object in writing, with a copy to the Court, to the admissibility of any documents or other exhibits identified under FRCP 26(a)(3)(C). The written objections of the parties shall identify by exhibit number the objectionable exhibits and state with specificity the grounds for objection, including specific reference to a rule of the Federal Rules of Evidence, if applicable.

**C. Trial Procedures**:

15. All objections to the admissibility of exhibits shall be taken up at the time of trial. Objections not disclosed in accordance with FRCP 26(a)(3), LBR 7016-2(e), and the terms of this Order, other than objections made under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

16. A party that without substantial justification fails to disclose witnesses or information required by FRCP 26(a) or 26(e) shall not be permitted to use any such witnesses or information at trial unless such failure to disclose is harmless.

17. At the time of trial, the parties shall provide to the Court, for its own use, two extra copies of any exhibit, in addition to the original, which each party expects to use to question witnesses during the trial; if a lengthy document, the Court's extra copies may consist of only those pages of the document on which the party will be questioning the witness. Any party submitting more than eight exhibits to the Court shall place the exhibits in one or more binders with the exhibits separated by tabs. Each such binder shall be clearly identified on the outside cover or spine and shall contain a clear table of contents.

18. Counsel and parties are advised that failure to comply with paragraphs 11, 15, and 17 may result in nonconforming exhibits not being admitted into evidence and/or sanctions against the person not complying with the provisions of this order.

D. **Trial Date/Alternative Dispute Resolution/Settlement**:

19. This proceeding is hereby set for a two day trial commencing **January 10, 2012, at 9:00 A.M.** in Bankruptcy Courtroom 1, 11th Floor, 1000 Elm Street, Manchester, New Hampshire. This date may be continued if a party files a motion for summary judgment.

20. In accordance with the Alternative Dispute Resolution Act of 1998, the Court encourages the parties to engage in alternative dispute resolution. See 28 U.S.C. §§ 651-658. If the parties agree to participate in alternative dispute resolution, they may contact Maureen Shambo at 603-222-2685 for assistance.

21. Counsel are urged, if settlement of the matter is reached, to advise the Court of the settlement at least one week before the scheduled trial date.

ENTERED at Manchester, New Hampshire.

Date:  August 25, 2011                 /s/ Louis H. Kornreich
                                       Louis H. Kornreich
                                       Bankruptcy Judge
                                       sitting by designation